**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CFL PIZZA LLC,**

> **Plaintiff,**

**v.**                                                   **Case No. 6:16-cv-00968-Orl-28KRS**

**WALTER HAMMACK,**

> **Defendant.**

_____/

### PLAINTIFF'S MOTION TO COMPEL SINGLE CLAIMANT ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF WITH CERTIFICATE OF GOOD FAITH CONFERRAL

Plaintiff CFL Pizza, LLC ("CFL Pizza"), pursuant to 9 U.S.C. § 4, hereby moves to compel single claimant arbitration in accordance with the parties' Agreement to Arbitrate, stating as follows:

### INTRODUCTION

Defendant Walter Hammack ("Hammack") and CFL Pizza entered into an arbitration agreement ("Agreement to Arbitrate") wherein Hammack agreed to submit any claims against CFL Pizza to binding arbitration. The Agreement to Arbitrate provides that any and all claims subject to arbitration shall be instituted by Hammack only in an individual capacity, and not as a representative plaintiff on behalf of any purported class or collective action. Despite this prohibition, Hammack filed a Statement of Claim with the American Arbitration Association ("AAA") individually and on behalf of similarly situated persons, and he intends to pursue a class or collective action against CFL Pizza. Consequently, CFL Pizza seeks an Order from this Court

4028543v.1

compelling Hammack to submit to single-claimant arbitration consistent with the express terms of the parties' Agreement to Arbitrate.

## STATEMENT OF FACTS

Defendant Hammack was employed by CFL Pizza as a pizza delivery driver.  Hammack agreed to submit any claims which arose between himself and CFL Pizza to binding arbitration. (Dkt. 1, Exhibit 1).  The type of claims Hammack agreed to submit to arbitration "include any concerning compensation, employment (including but not limited to, any claims concerning sexual harassment or discrimination) or termination of employment." *Id.*

In addition to identifying arbitration as the exclusive venue for any claims between the parties, the Agreement to Arbitrate also explicitly prohibits collective/class arbitration.  *Id.* The Agreement to Arbitrate provides, in relevant part:

> CFL Pizza and I agree that any and all claims subject to arbitration shall be instituted only in an individual capacity, and not as a representative plaintiff on behalf of any purported class, collective or consolidated action.  It is the parties' intent to the fullest extent permitted by law to waive any and all rights to the application of class or collective action procedures or remedies to arbitration proceedings conducted under this Agreement.

On April 6, 2016, Hammack filed a Statement of Claim with AAA alleging violations of the Fair Labor Standards Act ("FLSA").  Despite the express class and collective action waiver in the Agreement to Arbitrate, Hammack filed his action individually <u>and on behalf of similarly situated persons</u>.  (Dkt. 1, Exhibit 2).  CFL Pizza subsequently notified Hammack's counsel that the exclusive remedy for Hammack's FLSA claim was single-claimant arbitration, and a copy of the Agreement to Arbitrate was provided to Hammack's counsel.

After learning of CFL Pizza's position that the Agreement to Arbitrate prohibits class or collective actions, Hammack's counsel sent correspondence to AAA requesting that Hammack be provided the opportunity to raise the issue of whether he may arbitrate on a class or collective basis

with the parties' chosen arbitrator at a later date.   *Id.*   AAA's employment filing team responded

that only an administrative decision was issued regarding the case moving forward as an individual

action opposed to a class or collective action, and that the issue could be later raised to the

arbitrator.   *Id.*   In light of Hammack's intentions to seek a ruling from the arbitrator permitting

Hammack to pursue a class or collective action, CFL Pizza filed the instant action to request this

Court compel Hammack to submit to single-claimant arbitration according to the terms of the

parties' Agreement to Arbitrate.

## ARGUMENT

As an initial matter, and as set forth in CFL Pizza's Response to Defendant's Motion to

Dismiss (Dkt. 15), the court, not the arbitrator, should decide whether an express class/collective

action waiver in an arbitration agreement is enforceable and whether a claimant must proceed with

single-claimant arbitration.  The United States Court of Appeals for the Eleventh Circuit and the

District Courts within it have a long history of making such decisions (all of which have held that

the class/collective action waiver is enforceable), rather than deferring to an arbitrator.  *See, e.g.*,

*Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005) (affirming district court's

enforcement of class action waiver provision);  *Walthour v. Chipio Windshield Repair, LLC*, 745

F.3d 1326 (11th Cir. 2014) (same) *Brueggemann v. NCOA Select, Inc.*, 2009 WL 1873651 (S.D.

Fla. June 2009) (enforcing class action waiver provision); and *Levison v. MasTec, Inc.*, No. 8:15-

CV-1547-T26AEP, 2015 WL 5021645, at *1-2 (M.D. Fla. Aug. 25, 2015), *appeal dismissed* (Jan.

28, 2016) (same).

In addition, the United States Court of Appeals for the Eleventh Circuit and the District

Courts within it have also **expressly** held that the court can or must make that decision.

Specifically, the United States Court of Appeals for the Eleventh Circuit has held, in upholding a

class action waiver in an arbitration agreement, that such decision "may be decided by a federal court" under section four of the Federal Arbitration Agreement (FAA) because "it places the making of the Arbitration Agreements in issue." *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F.3d 868 (11th Cir. 2005). In addition, the United States District Court for the Southern District of Florida has held that "[t]he differences between class and bilateral arbitration are of enough consequence that the determination of whether class arbitration is available is a substantive question for the Court to decide." *JPay, Inc. v. Kobel*, 2016 WL 2853537, at *3 (S.D. Fla. May 16, 2016). Similarly, the United States District Court for the Middle District of Alabama has held that "[b]ecause the arbitration agreement in the instant case expressly prohibits class actions … the contract here is not sufficiently analogous to *Bazzle's* contract to mandate that this court defer to the arbitrator's interpretation of the arbitration agreement regarding whether it forbids or allows class arbitration." *See Gipson v. Cross Country Bank*, 354 F. Supp. 2d 1278, 1289 (M.D. Ala. 2005). Moreover, every other United States Court of Appeals that has addressed the "who decides" question found that the availability of class arbitration is for the court to decide.[1] *See Kristian v. Comcast Corp.,* 446 F.3d 25, 53-55 (1st Cir. 2006); *In re Am. Express Merchs.' Litig.,* 554 F.3d 300, 310-11 (2d Cir. 2009) (vacated on other grounds, *Am. Exp. Co. v. Italian Colors Rest.*, 130 S. Ct. 2401, 176 L. Ed. 2d 920 (2010)); *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016); *Opalinski v. Robert Half International Inc.*, 761 F.3d 326 (3d Cir. 2014); *Dell Webb Communities, Inc. v. Carlson*, 817 F.3d 867 (4th Cir.

---

[1] The cases most heavily relied upon by Hammack for the opposite proposition, namely that an arbitrator, not the court, should address this issue, are clearly distinguishable. *See, e.g., Jackson v. Home Team Pest Def., Inc.*, 2013 WL 6051391, at *1 (M.D. Fla. Nov. 15, 2013) (case involving *contract interpretation*, not enforceability -- plaintiff argued that class waiver was ambiguous and contradicted by other language in the agreement, not that it was unenforceable as a matter of law); *Dirocco v. Victory Mktg. Agency, LLC*, 2016 WL 1266932 (M.D. Fla. Apr. 1, 2016) (addressing an arbitration agreement that did not have an express class waiver).

2016); and *Reed Elsevier, Inc. ex rel. Lexis Nexus Div. v. Crockett,* 734 F.3d 594 (6th Cir. 2013), *cert. denied,* 134 S.Ct. 2291 (2014).

**I.    The FAA Requires Courts to Submit Claims to Arbitration in Accordance with Their Terms.**

Under the Federal Arbitration Act ("FAA"), arbitration agreements are "valid, irrevocable, and enforceable." 9 U.S.C. § 2.  Where a party is "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration," that party "may petition any United States district court ... for an order directing that such arbitration proceed *in the manner provided for in such agreement.*"  9 U.S.C. § 4 (*emphasis added*).  The FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA.  *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002); *Circuit City v. Adams*, 532 U.S. 105, 119 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  Further, the Supreme Court has made it clear that the FAA generally applies to contracts concerning employment. *Circuit City*, 532 U.S. at 123; *Hill*, 398 F.3d at 1289.  A court should compel arbitration upon a showing that the parties entered into a written arbitration agreement that is enforceable "under ordinary state-law" contract principles and the claims at issue fall within the scope of that agreement.  *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).  As set forth below, CFL Pizza can establish that the Agreement to Arbitrate is an enforceable contract and therefore the parties' dispute should be administered as a single-claimant arbitration, not as a collective or class action.

**II.     The Agreement to Arbitrate and Class Waiver Contained Therein Are Enforceable and Binding.**

A.     The Agreement to Arbitrate Is Valid and Enforceable.

Hammack agreed to be bound by the terms in the Agreement to Arbitrate. Indeed, Hammack does not contest that he agreed to arbitrate his claims against CFL Pizza. (Dkt. 27, p. 1). While Hammack does not argue that the Agreement to Arbitrate is not enforceable as a whole, Hammack contends that the class and collective action waiver provision in the Agreement to Arbitrate is unenforceable.

Contrary to Hammack's position, the collective/class waiver in the Agreement to Arbitrate is valid and enforceable. The U.S. Supreme Court has expressly upheld the validity of such class and collective action waivers in arbitration agreements, acknowledging that class and collective actions are inconsistent with the benefits afforded by arbitration. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748-1751 (2011) (finding that "the informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution" and that class arbitration would sacrifice the principal advantage of arbitration and make the process "slower, more costly, and more likely to generate procedural morass").

The Eleventh Circuit and other federal circuit courts have consistently found that class action waivers are enforceable in FLSA actions. *See, e.g., Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335-36 (11th Cir.), *cert. denied*, 134 S. Ct. 2886, 189 L. Ed. 2d 836 (2014) (finding that the FLSA contains no explicit provision precluding arbitration or a waiver of the right to a collective action and stating, "[i]n every case the Supreme Court has considered involving a statutory right that does not explicitly preclude arbitration, it has upheld the application of the

6

FAA.") (citing *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 357 n. 8 (5th Cir. 2013)); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005) (holding that the defendant's class waiver was "consistent with the goals of 'simplicity, informality, and expedition' touted by the Supreme Court in *Gilmer*") (citing *Gilmer,* 500 U.S. at 31, 111 S.Ct. 1647, 114 L.Ed.2d 26); *Sutherland v. Ernest & Young LLP*, 726 F.3d 290, 296-97 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Vilches v. Traveler's Cos.*, 413 Fed. Appx. 487, 494 n.4 (3d Cir. 2011); *Horenstein v. Mort. Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001); *Carter v. Countrywide Credit Indus. Inc.*, 362 F.3d 294, 298 (5th Cir. 2004); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002).  As such, it is well-settled that the collective/class waiver in the Agreement to Arbitrate is enforceable, and Hammack's claims must be brought on an individual basis.

B.      The Collective/Class Waiver Is Not Prohibited by the National Labor Relations Act.

1.      The NLRB Decisions Regarding Class Waivers Are Not Entitled to Deference.

Faced with an overwhelming number of decisions which have upheld class waivers in arbitration agreements, Hammack's only argument must be that the collective/class waiver provision in the arbitration agreement should not be enforced because of some decisions reached by the National Labor Relations Board.  (Dkt. 1, Exhibit 2).  The basis for Hammack's meritless position is his mistaken reliance on the National Labor Relations Board's (the "Board") decision in *D.R. Horton, Inc.*, 357 NLRB 2277, *4 (NLRB Jan. 3, 2012).  There, the Board ruled that by requiring only individual arbitration of employment-related claims and excluding access to any forum for collective claims, the employer interfered with employees' Section 7 right to engage in

"concerted activities for the purpose of collective bargaining or other mutual aid or protection" in violation of section 7 of the National Labor Relations Act ("NLRA").  *Id.*

Notably, however, the Board's decision in *D.R. Horton* was overturned by the U.S. Court of Appeals for the Fifth Circuit, which held that "use of class procedures ... is not a substantive right" and the NLRA does not trump the FAA.  *D.R. Horton, Inc.*, 737 F.3d 344, 357, 360-61 (5th Cir. 2013).  The Second and Eighth Circuits have also rejected the Board's position, holding that employment arbitration agreements may bar class and collective actions.  *See, e.g., Cellular Sales of Missouri, LLC v. NLRB,* No. 15-1620, 2016 WL 3093363 (8th Cir. June 2, 2016) (employer did not violate NLRA "by requiring its employees to enter into an arbitration agreement that included a waiver of class or collective actions in all forums to resolve employment-related disputes"); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297-98 n. 8 (2d Cir. 2013) (upholding a class action waiver in arbitration agreement in an FLSA case and refusing to defer to the Board's decision in *D.R. Horton*); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1054-55 (8th Cir. 2013) (refusing to defer to the Board's decision and noting that "nearly all of the district courts to consider [it] have declined to follow it").

Moreover, it is of no moment that the NLRB has stubbornly "double[d] down" on its erroneous decision in *D.R. Horton*.  Although the Board again ruled, this time in *Murphy's Oil USA Inc.*, 361 NLRB No. 72 (NLRB Oct. 28, 2014), that an employer's class action waiver violated the NLRA, it did so using the exact same faulty reasoning used in *D.R. Horton,* which, as set forth above, has been rejected by the United States Court of Appeals for the Fifth Circuit and many other Circuits.  *See D.R. Horton, Inc.*, 737 F.3d at 364.  As noted by a dissenting Board member, the Board "cho[se] to double down on a mistake that, by now, is blatantly apparent." *Murphy's Oil*, 361 NLRB No. 72, *35 (Johnson, Mem., dissenting).  Moreover, the Board's ruling

in *Murphy's Oil* was itself overturned by the U.S. Court of Appeals for the Fifth Circuit in *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).

        2.        Eleventh Circuit and Florida District Courts Enforce Class Arbitration Waivers.

Notably, the Eleventh Circuit and this Court have both compelled individual arbitration despite the Board's holding in *D.R. Horton*.  *See Walthour*, 745 F.3d at 1335-36 (2014) (issued two years after the NLRB decision in D.R. Horton).   In *Walthour*, the arbitration agreement between the parties mandated arbitration of employment disputes and also prohibited class or representative actions.  *Id.* at 1328.  The plaintiffs argued that "their right to file a collective action under FLSA § 16(b) was a non-waivable, substantive right and that the arbitration agreements were invalid because they purported to waive that right."   *Id.* at 1329.   The Eleventh Circuit rejected the plaintiffs' argument and affirmed the district court order dismissing the plaintiffs' complaint and compelling arbitration, concluding that the right to bring a collective action under the FLSA is not a non-waivable substantive right.  *Id.* at 1334–37.  In doing so, the Eleventh Circuit specifically cited the Fifth Circuit case rejecting the NLRB's position, as consistent with the line of cases that held that the FLSA does not contain a contrary congressional command overriding the application of the FAA, as follows:   "*D.R. Horton,* 737 F.3d at 362 (determining that the National Labor Relations Act does not contain a contrary congressional command overriding the application of the FAA)."  *Id.* at 1336.

This Court is bound by Eleventh Circuit precedent, not the Board's erroneous decisions in *D.R. Horton* or *Murphy's Oil*.  *See De Oliveira v. Citicorp N. Am.*, Case No. 8:12-cv-00251, 2012 WL 1831230 (M.D. Fla. May 18, 2012) (acknowledging that the district court is bound by 11th Circuit precedent as set forth in *Caley*, 428 F.3d 1359, which upheld a class waiver in an FLSA case, not the Board's holding in *D.R. Horton*).   For this reason, this Court has previously enforced

9

collective/class arbitration waivers in similar arbitration agreements. As discussed above, in *Levison v. MasTec, Inc.*, 2015 WL 5021645, this Court decided – without deferring the decision to the arbitrator – that the Eleventh Circuit has not adopted the reasoning of the National Labor Relations Board in *D.R. Horton, Inc*. As such, this Court granted the defendants' motion to compel arbitration, and directed the parties to arbitrate on a single-claimant basis consistent with the class and collective action waiver. *Id.*

Similarly, in *Delano v. MasTec, Inc.*, No. 8:10-CV-320-T-27MAP, 2010 WL 4809081 (M.D. Fla. Nov. 18, 2010), the plaintiffs in an FLSA action argued that the employer's dispute resolution agreement and its class action waiver were unenforceable. This Court held that the waiver was enforceable under both federal and Florida law, explaining that Eleventh Circuit precedent does not bar class action waivers of FLSA claims. *Id.* at **3-8. Several other District Courts in this Circuit have recently reached this same conclusion. *See Steingruber v. Family Dollar Stores of Florida, Inc.*, No. 3:15-CV-199-J-20JBT, 2015 WL 10818618, at *4 (M.D. Fla. Aug. 13, 2015) (striking the collective action allegations in the former employee's complaint and ordering the parties to arbitration upon a finding that the "argument that the Agreement is rendered unenforceable by the collective action waiver—because the waiver violates the NLRA—is without merit."); *Curbelo v. Autonation Ben. Co.*, No. 14-CIV-62736, 2015 WL 667655, at *4 (S.D. Fla. Feb. 17, 2015) (finding plaintiff's argument that her waiver of her collective action rights was unenforceable directly contrary to Eleventh Circuit precedent, and ordering the claimant to submit to arbitration "in accordance with the Arbitration Agreement" - which prohibited collective actions); *Stanfield v. Fly Low, Inc.*, No. 15-20224-CIV, 2015 WL 4647902, at *3 (S.D. Fla. Aug. 5, 2015) (noting that federal policy favors arbitration and there is no indication that arbitration, even in the face of a collective action waiver, interferes with the collective action policies of the

4028543v.1

FLSA, following the holding in *Walthour*); *Desimoni v. TBC Corp.*, No. 2:15-CV-366-FTM-99CM, 2016 WL 3675460, at *7 (M.D. Fla. June 9, 2016), <u>report and recommendation adopted,</u> No. 2:15-CV-366-FTM-99CM, 2016 WL 3633540 (M.D. Fla. July 7, 2016) (citing *Walthour* for the proposition that the FLSA not does preclude enforcement of arbitration agreements that contain a waiver of collective actions).

       3.     The Minority Viewpoint of the Seventh and Ninth Circuits Are Not Controlling and Must Be Disregarded.

Hammack will likely argue that this Court should disregard the long line of judicial authority relied upon by CFL Pizza and follow the Board's decisions in *Murphy's Oil*, 361 NLRB No. 72 and *D.R. Horton, Inc.*, 357 NLRB No. 184 because of the Seventh Circuit's decision in *Lewis v. Epic Sys. Corp.*, No. 15-2997, 2016 WL 3029464 (7th Cir. May 26, 2016) and the Ninth Circuit's decision in *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016).

In *Lewis*, the court held that the employer's arbitration provision which prohibited employees from seeking collective, representative, or class legal remedies, violated the NLRA. However, this Seventh Circuit decision is not controlling in the Eleventh Circuit.  Further, as discussed below, the *Lewis* court applied faulty reasoning, which explains why the decision was and is an anomaly amongst the other courts which have ruled upon this same issue.  In fact, the exact opposite decision was reached just last month by the Eighth Circuit in *Cellular Sales of Missouri, LLC v. NLRB,* No. 15-1620, *supra* (employer did not violate the NLRA "by requiring its employees to enter into an arbitration agreement that included a waiver of class or collective actions").

To the extent this Court considers the Seventh Circuit's decision in *Lewis* despite the overwhelming and controlling decisions to the contrary, the ruling should be disregarded because

4028543v.1

the *Lewis* court failed to consider the FAA's policies.  The decision simply deferred to the Board's analysis of the NLRA and concluded that the FAA's saving clause, which permits agreements to arbitrate to be invalidated by generally applicable contract defenses, required that the Board-declared illegal class waiver be nullified.  However, this thin analysis conflicts with controlling Supreme Court authority -- not only its authority related to the FAA in general, but its authority regarding lack of deference to the NLRB in these situations specifically.

Specifically, in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 147 (2002), the Supreme Court reviewed a long line of cases reversing NLRB decisions, stating, "we have accordingly never deferred to the Board's remedial preferences where such preferences potentially trench upon federal statutes and policies unrelated to the NLRA." The *Hoffman* decision was noticeably missing from the *Lewis* analysis.  Likewise, in *Southern S.S. Co. v. NLRB*, 316 U.S. 31, 47 (1942) (also not cited in *Lewis*), the Supreme Court held, "the Board has not been commissioned to effectuate the policies of the [NLRA] so single-mindedly that it may wholly ignore other and equally important Congressional objectives."  By failing to consider the Supreme Court decisions in *Hoffman* and *Southern S.S.* – as well as all of the High Court's decisions regarding the FAA in general – the *Lewis* Court reached a conclusion that the Supreme Court has repeatedly prohibited. Namely, despite Supreme Court rulings to the contrary, the *Lewis* court deferred to the Board without regard for the important policies underlying the FAA and other federal laws the Board does not administer, such as the Federal Rules of Civil Procedure.

Additionally, adopting the holding in *Lewis* would lead to unintended and illogical results. The *Lewis* court concluded that, unlike the FLSA and Federal Rule of Civil Procedure 23 (which governs class actions), the NLRA independently "*guarantee[s] collective process*" in the form of a class action.  *Lewis v. Epic Sys. Corp.*, 2016 WL 3029464 at *9 (*emphasis added*).  Clearly this

cannot be the case.  If the NLRA independently guarantees a collective process, then the NLRA creates an entirely separate body of substantive class action law that would automatically prevent an employer from ever defeating class or collective action certification or from decertifying a previously-certified class or collective action.

In other words, the impact of the *Lewis* decision is essentially a finding that claimants are automatically guaranteed the right to proceed with a collective or class action, regardless of whether a party could establish the elements to proceed as a collective or class under applicable law or court rule.  The Federal Rules of Civil Procedure governing class action procedures would have no application, because the class requirements and procedures could not be used to defend against or decertify a class.  Thus, a company could be completely deprived of its right to defend class or collective actions based on the principle that the NLRA creates class and collective procedures as a substantive right.  This astonishing result could not have been intended, and disregards Supreme Court authority which states it does not desire to "trench upon federal statutes and policies unrelated to the NLRA" – which would include the FAA, the Federal Rules of Civil Procedure, and the collective procedures under the FLSA – the latter of which procedures were designed to *stem* the wave of representative actions, not expand them and certainly not make them a "guaranteed" right.  *Hoffman Plastic Compounds*, 535 U.S. 137 at 147.

This illogical result in *Lewis* was considered and rejected just this month by the District Judge in *Bekele v. Lyft, Inc.*, No. CV 15-11650-FDS, 2016 WL 4203412, at *1 (D. Mass. Aug. 9, 2016).  In *Bekele*, the court found that the Seventh Circuit in *Lewis* improperly supplied its own definition of "concerted activities" and failed to take into account those specific words and the context in which they appear in section 7 of the NLRA in concluding that a class or collective waiver is unenforceable under the FAA.  In fact, the *Bekele* court found that a fair reading of the

statutory text should have yielded the opposite conclusion, and that "other concerted activities" should include collective employee actions such as picketing or organizing boycotts, not an employee's ability to bring a class-action lawsuit. The court further noted the odd consequences that would flow from the *Lewis* decision, in that opposing class certification would automatically amount to a violation of an employee's NLRA rights. Accordingly, the court determined that the *Lewis* holding should be disregarded, and held that the class action waiver was valid and enforceable, and that the parties should proceed to individual arbitration. *Id.* at 21.

The *Lewis* decision is also inconsistent with Supreme Court decisions that have made it clear that mandating class procedures into an arbitration agreement deprives the parties to the agreement of "the principal advantage of arbitration - its informality - and makes the process slower, more costly, and more likely to generate procedural morass than final judgment." *Concepcion*, 563 U.S. at 348; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685, 130 S. Ct. 1758, 1775, 176 L. Ed. 2d 605 (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes"). Compelling the class action procedure into arbitration agreements is inconsistent with the FAA. *See, e.g., Concepcion*, 563 U.S. at 34748 (imposing class arbitration is inconsistent with the substantive provisions and policy of the FAA).

Finally, the *Lewis* decision also conflicts with the Supreme Court's holding in *Stolt-Nielsen*, which provides that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party <u>agreed to do so</u>. *Stolt-Nielsen*, 559 U.S. at 685. In *Stolt-Nielsen*, the Supreme Court held that where the parties stipulated that there was no agreement either way on whether the parties agreed to authorize class arbitration,

the court could not compel them to submit their dispute to class arbitration. Here, unlike the agreement in *Stolt-Nielsen*, which was silent as to class proceedings, the parties clearly agreed to <u>waive</u> any right to collective/class arbitration. Despite the clear waiver, Hammack is asking the court to order the parties to proceed with collective/class arbitration, which is precisely what the parties bargained <u>not</u> to do. Such a result is out of line with the Supreme Court's decision, and would substantially impact the terms agreed to by both parties. *See id.* at 687.

The Ninth Circuit's decision in *Morris* is similarly flawed.[2] *Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016). In *Morris,* the Ninth Circuit erroneously concluded that employees' ability to bring a class proceeding is a substantive, rather than procedural, right, ignoring Supreme Court precedent to the contrary. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 32 (1991) (finding that because the class mechanism is a process, not a substantive right, class procedures may be waived by contract); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980) ("the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims"). As Judge Ikuta of the Ninth Circuit notes in the dissent, the court's analysis is flawed because it ignores the requirement that to preclude enforcement of an arbitration agreement, a federal statute, such as the NLRA, must contact an express "contrary congressional command" that overrides the FAA. *See, Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013); *CompuCredit Corp. v.*

---

[2] Further, the Ninth Circuit's decision contradicts earlier Ninth Circuit precedent favoring the position taken by the Second, Fifth, and Eighth Circuits. *See Richards v. Ernst & Young, LLP*, 734 F.3d 871, 873-74, *opinion amended and superseded by* 744 F.3d 1072 (9th Cir. 2013) (noting that "the only court of appeals, and the overwhelming majority of the district courts, to have considered the issue have determined that they should not defer to the NLRB's decision in *D.R. Horton* because it conflicts with the explicit pronouncements of the Supreme Court concerning the policies undergirding the Federal Arbitration Act"); *see also Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1077 (9th Cir. 2014) ("having freely elected to arbitrate employment-related disputes on an individual basis, without interference from Bloomingdale's, [plaintiff] cannot claim that enforcement of the agreement violates either the Norris-Laguardia Act or the NLRA. The district court correctly held that the arbitration agreement is valid.").

4028543v.1

*Greenwood*, 132 S. Ct. 665, 669 (2012).[3]  Here, there is no such congressional command in the NLRA that would allow it to override the FAA.

Given the illogical and unlawful impact of the decisions in *Lewis* and *Morris,* coupled with the decisions of the Second, Fifth, and Eighth Circuits which yielded the opposite result, *Lewis* and *Morris* should be disregarded and not considered by this Court.  In fact, applying the rationales of the *Lewis* and *Morris* courts would lead to the very hostility that the FAA was passed to counteract. Accordingly, this Court should follow its previous decisions and those of nearly every other court which has ruled upon this issue to find that the collective/class waiver is enforceable and that Hammack should submit his claims to arbitration on an individual basis.

## CONCLUSION

Wherefore, CFL Pizza respectfully requests that this Court enter an Order directing the parties to arbitrate Hammack's FLSA claims against CFL solely on an individual basis pursuant to the express terms of the governing Agreement to Arbitrate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned certifies that they have conferred with counsel for Defendant, and Defendant objects to the relief sought in this Motion.

Dated this 26th day of August, 2016.

Respectfully submitted,

s/   James M. Coleman
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Cherie L. Silberman, Esq., Fla. Bar No. 0015724
csilberman@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

---

[3] The Supreme Court has applied the same approach in contracts in the labor context, in upholding a collective bargaining agreement with a mandatory arbitration clause governed by the NLRA.  *See 14 Penn Plaza LLC v. Pyett,* 556 U.S. 247, 265-74 (2009).

4028543v.1

100 N. Tampa Street, Suite 3350
P. O. Box 1840
Tampa, FL 33602-1840
Phone:  (813) 223-7166 / Fax:  (813) 223-2515


James M. Coleman, Esq. Admitted *Pro Hac Vice*
jcoleman@constangy.com
Maureen R. Knight, Esq., Admitted *Pro Hac Vice*
mknight@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
12500 Fair Lakes Circle
Suite 300
Fairfax, VA 22033
Phone:  (571) 522-6100 / Fax:  (571) 522-6101
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2016, I filed a true copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Alan D. Danz, Esq., Fla. Bar No. 948934
danz@danzlaw.net
DANZ & KRONENGOLD, P.L.
10620 Griffin Road
Suite 201
Cooper City, FL 33328
Phone: (954) 530-9245 / Fax: (954) 616-5738

Jack D. McInnes, Esq., MO Bar No. 56904
mcinnes@paulmcinnes.com
PAUL MCINNES LLP
601 Walnut St., Suite 300
Kansas City, MO 64106
Phone: (816) 984-8100 / Fax: (816) 984-8101

Mark A. Potashnick, E.D.,
MO Bar No. 41315 MO
WEINHAUS & POTASHNICK
11500 Olive Blvd.
Suite 133
St. Louis, MO 63141
Phone: (314) 997-9150 / Fax: (314) 997-9170

ATTORNEYS FOR DEFENDANT


/s/ James M. Coleman
Attorney

17

4028543v.1