**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CFL PIZZA LLC,

        Plaintiff,

v.                                                      Case No: 6:16-cv-968-Orl-28KRS

WALTER HAMMACK,

        Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Preliminary Injunction Enjoining Defendant from Pursuit of Class or Collective Arbitration (Doc. 33) and Defendant's Memorandum in Opposition (Doc. 34). As set forth below, the motion is denied.[1]

**I.  Background**

In June 2016, Plaintiff filed in this Court its Petition to Compel Arbitration in Accordance With Agreement (Doc. 1). Although Defendant had indeed initiated arbitration proceedings in April 2016 before the American Arbitration Association ("AAA"), (Doc. 1 ¶ 12), Plaintiff maintains that Defendant—one of its former employees—agreed to arbitrate any claims he has against Plaintiff only in an individual capacity rather than as part of a class, collective, or consolidated action; in the arbitration proceeding, Defendant has

---

[1] The Court finds it unnecessary to hold a hearing on the motion and that it is appropriately resolved on the parties' written submissions. See, e.g., CBS Broad., Inc. v. Echostar Commc'ns Corp., 265 F.3d 1193, 1207 n.18 (11th Cir. 2001) ("A district court need not hold an evidentiary hearing prior to the issuance of every preliminary injunction."); Kaimowitz v. City of Orlando, 122 F.3d 41, 43 (11th Cir. 1997) ("Generally, evidentiary hearings are required prior to the issuance or denial of a motion for preliminary injunction only where there is a presumption of irreparable harm . . . .").

attempted to pursue a collective action.

Defendant filed a Motion to Dismiss (Doc. 6), to which Plaintiff responded, (Doc. 15), and with leave of Court, (see Doc. 26), Defendant filed a Reply (Doc. 27) on July 21, 2016. A month later, Plaintiff filed a Motion to Compel Single Claimant Arbitration (Doc. 31), and Defendant responded on September 9, 2016, (Doc. 32). Before the Court issued rulings on these motions, on October 5, 2016 Plaintiff filed the Motion for Preliminary Injunction (Doc. 33) that is the subject of this Order. Defendant filed his Memorandum in Opposition (Doc. 34) on October 11, 2016.

In its preliminary injunction motion, Plaintiff "moves to enjoin Defendant . . . from arbitrating his claims before the [AAA] on anything other than [a] single-claimant basis until the Court rules on [Plaintiff's] Motion to Compel Single Claimant Arbitration." (Doc. 33 at 1). Plaintiff states that the arbitrator "recently issued a scheduling order allowing discovery on class or collective certification, and [Defendant] served discovery seeking information relevant to such a class." (Id. at 2). Plaintiff asserts that "[a]llowing the arbitration to move forward on anything other than an individual basis absent a ruling from the Court that [Defendant's] claims must be allowed to proceed on a potential class or collective basis, poses a threat of significant harm to [Plaintiff] and eviscerates the very Agreement to Arbitrate [Defendant] signed." (Id.). Plaintiff seeks "a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) requiring [Defendant] to move forward with single-claimant only arbitration and prohibiting him from pursuing any form of class or collective arbitration." (Id.).

II. **Discussion**

"The grant or denial of a preliminary injunction is within the sound discretion of the district court . . . ." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A district court

2

may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

"'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (quoting United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)) (further internal quotation omitted). "[G]ranting a preliminary injunction is the exception rather than the rule." Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975).

Plaintiff has not met its burden of establishing entitlement to a preliminary injunction. It has not shown a likelihood of success on the merits of its claim that this Court should rule—at all, let alone in Plaintiff's favor—on the issue of whether the collective action waiver in the parties' arbitration agreement is applicable and enforceable, and Plaintiff certainly has not established a *substantial* likelihood of such success. The parties have repeatedly briefed this issue and others in their multiple prior filings, and the cases cited reflect a divide among courts on the questions presented. The Court cannot conclude at this point that Plaintiff is substantially likely to prevail on the merits.

Second, Plaintiff has not established that it will suffer irreparable injury unless the injunction issues. Plaintiff asserts that absent an injunction it will be required to respond to discovery requests that the arbitrator has allowed Defendant to propound and that

providing such responses will be costly and will require disclosure of "highly confidential information" regarding other employees. (Doc. 33 at 10–11). However, as Defendant notes, the Eleventh Circuit has repeatedly held that "the time and expense of participating in an arbitration proceeding [do] not constitute irreparable injury." Triangle Constr. & Maint. Corp. v. Our Virgin Islands Labor Union, 425 F.3d 938, 947 (11th Cir. 2005) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1112 n.20 (11th Cir. 2004)). Moreover, Defendants point out that any concerns over confidentiality could be resolved through a protective order in the arbitration proceeding. A danger of irreparable harm has not been shown here.

With regard to the third element—the balance of harms—Plaintiff faces costs associated with discovery compliance, while Defendant faces delay in the arbitration proceeding. Although the threatened injury to Plaintiff might outweigh the damage to Defendant, satisfaction of this single element does not entitle Plaintiff to preliminary injunctive relief.

Finally, Plaintiff has not established that an injunction would not be adverse to the public interest. Plaintiff relies on cases noting both the strong public interest favoring arbitration and "the equally important interest that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (Doc. 33 at 13). Defendant, on the other hand, cites cases viewing with disfavor injunctions staying arbitration. (Doc. 34 at 6). Here, the parties do not dispute their obligation to arbitrate, but they contest whether Plaintiff must proceed only individually rather than on behalf of others as well. More importantly, by filing the instant motion Plaintiff is in essence taking issue with the arbitrator's decision to allow discovery on the class

certification issue before resolution of the parties' dispute over whether the arbitration will include class-wide claims. Under these circumstances, the Court cannot find that the public interest would not be disserved by preliminary interference with the arbitration proceeding.

In sum, at best Plaintiff has satisfied only one of the four requisites for preliminary injunctive relief. It has not, however, established a substantial likelihood of success on the merits, that it would suffer irreparable harm, or that entry of a preliminary injunction would not be adverse to the public interest. Thus, the requested injunction cannot issue.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion for Preliminary Injunction (Doc. 33) filed by Plaintiff is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 12, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5