**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CFL PIZZA LLC,
        Plaintiff,

v.                                        Case No: 6:16-cv-968-Orl-28KRS

WALTER HAMMACK,
        Defendant.

**ORDER**

This case is before the Court on: the Petition to Compel Arbitration in Accordance With Agreement (Doc. 1) filed by CFL Pizza LLC; the Motion to Dismiss (Doc. 6) filed by Walter Hammack; and the Motion to Compel Single Claimant Arbitration (Doc. 31) filed by CFL Pizza.[1] As explained below, the petition and both motions are denied.

**I.    Factual and Procedural Background**

Hammack formerly worked for CFL Pizza as a delivery driver in Volusia County, Florida. In connection with that employment, Hammack signed an Agreement to Arbitrate providing that "CFL Pizza and I agree to use confidential binding arbitration[] instead of going to court for any claims that arise between me and CFL Pizza," including, without limitation, any claims "concerning compensation, employment, . . . or termination of employment." (Doc. 1-1 at 1). The Agreement to Arbitrate further provides that "[i]n any arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association will apply"; that "any and all claims subject to arbitration shall be

---

[1] In addition to the petition and motions themselves, the relevant filings are: CFL Pizza's Response (Doc. 15) to the motion to dismiss; Hammack's Reply (Doc. 27) regarding the Motion to Dismiss; and Hammack's Memorandum in Opposition (Doc. 32) to CFL's Motion to Compel Single Claimant Arbitration.

instituted only in an individual capacity, and not as a representative plaintiff on behalf of any purported class, collective or consolidated action"; and that "[i]t is the parties' intent to the fullest extent permitted by law to waive any and all rights to the application of class or collective action procedures or remedies to arbitration proceedings conducted under this Agreement." (Id.).

On April 6, 2016, Hammack filed a Statement of Claim with the American Arbitration Association "individually and on behalf of all other similarly situated persons," seeking unpaid minimum wages under the Fair Labor Standards Act. (Doc. 1 ¶ 12). Two months later, CFL Pizza filed in this Court its Petition to Compel Arbitration in Accordance With Agreement (Doc. 1), arguing that Hammack "intends to pursue a collective action with the arbitrator" and that "Hammack's efforts to pursue arbitration on a collective basis amount[] to an effort to deprive CFL Pizza of its contractual rights under the Agreement to Arbitrate." (Doc. 1 ¶¶ 16 & 19). CFL Pizza seeks "an order compelling Hammack to submit his . . . claims to single-claimant arbitration in accordance with the terms provided for in the Agreement to Arbitrate." (Id. ¶ 21).

Hammack then moved to dismiss CFL Pizza's petition for failure to state a claim on which relief can be granted, and after CFL Pizza responded and Hammack replied, CFL Pizza filed a Motion to Compel Single Claimant Arbitration (Doc. 31). In that motion, CFL Pizza asserts that Hammack intends "to seek a ruling from the arbitrator permitting [him] to pursue a class or collective action" and argues that "the court, not the arbitrator, should decide whether an express class/collective action waiver in an arbitration agreement is enforceable and whether a claimant must proceed with single-claimant arbitration." (Doc. 31 at 3). Hammack has responded to that motion, (Doc. 32), and all of these filings are

now before the Court.[2]

II. **Discussion**

　A.　**Hammack's Motion to Dismiss (Doc. 6)**

In its Petition (Doc. 1), CFL Pizza cites section 4 of the Federal Arbitration Act, which provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.[3] Hammack asserts in his motion to dismiss that CFL Pizza's claim to enforce arbitration "is not cognizable" for various reasons, citing Federal Rule of Civil Procedure 12(b)(6) and standards governing Rule 12(b)(6) motions to dismiss. This motion must be denied.

The Federal Arbitration Act provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. The Federal Rules of Civil Procedure apply to proceedings under the Federal Arbitration Act "except as [the Federal Arbitration Act] provide[s] for other procedures." Fed. R. Civ. P. 81(a)(6)(B). Because CFL Pizza's petition is to be heard as a motion, Hammack's 12(b)(6) motion to dismiss is not the appropriate vehicle for attacking it. Cf. O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 745 (11th Cir. 1988) (noting that the plaintiff "misconstrue[d]

---

[2] After it filed its Motion to Compel Single Claimant Arbitration (Doc. 31), CFL Pizza also filed a Motion for Preliminary Injunction (Doc. 33), seeking to enjoin Hammack from proceeding with arbitration on anything other than a single-claimant basis pending the Court's ruling on CFL Pizza's Motion to Compel Single Claimant Arbitration (Doc. 31). The Court denied the Motion for Preliminary Injunction. (Order, Doc. 35).

[3] The Federal Arbitration Act does not provide a basis for subject-matter jurisdiction in and of itself. As correctly noted in CFL Pizza's Petition (Doc. 1), this Court has jurisdiction because the underlying claims are brought under the federal Fair Labor Standards Act.

3

the procedures which the district courts must follow when considering a request to vacate an arbitration award" and explaining that "[t]he manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied"). CFL's petition, along with its Motion to Compel Single Claimant Arbitration (Doc. 31), will be resolved on the merits, with all of the parties' filings construed as briefing on the issues raised. See id. at 746 ("The fact that this motion [to vacate arbitration award] came before the district court on [a motion to dismiss a complaint] does not affect our disposition of the case. . . . The memoranda of both parties submitted to the district court adequately briefed the issue of whether the arbitration award in question should have been vacated.").[4]

### B. CFL Pizza's Petition (Doc. 1) and Motion (Doc. 31)

CFL Pizza seeks two rulings in its filings: first, that the court, not the arbitrator, should decide whether the class/collective action waiver in the Agreement to Arbitrate is enforceable, and second, that the waiver is indeed enforceable. Because, under the circumstances of this case, the Court disagrees with CFL Pizza's position on the first issue, the Court does not reach the second question. Here, the parties' agreement, by its own terms, forecloses the relief sought by CFL Pizza.

"The [Federal Arbitration Act] reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 67 (2010). Consistent

---

[4] Hammack also asserts that CFL Pizza's claim to enforce arbitration is "not cognizable" because he did not "fail, neglect, or refuse to arbitrate" as set forth in 9 U.S.C. § 4. CFL Pizza responds that it has moved "for an order directing that . . . arbitration proceed in the manner provided for in such agreement" as stated in § 4. The Court finds it unnecessary to resolve the question whether CFL Pizza's motion is within the letter of § 4; even if it is not, the Court has the power to enjoin arbitration proceedings as well, see Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte, 141 F.3d 1434, 1449 n.23 (11th Cir. 1998), and CFL Pizza's petition could be viewed as a motion to enjoin arbitration proceedings.

with the Act, "courts must 'rigorously enforce' arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes' and 'the rules under which that arbitration will be conducted.'" Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (alteration in original) (citations and emphasis omitted).

"'[P]rocedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)). On the other hand, questions of "arbitrability"—"which 'include certain gateway matters, such as whether parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy—are presumptively for courts," rather than arbitrators, to decide. Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 n.2 (2013) (quoting Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003)). But, even gateway questions of arbitrability are for the arbitrator and not the court where the parties "clearly and unmistakably [so] provide" in their agreement. AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). This is so, again, because arbitration is a matter of contract; "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) (emphasis in original).

CFL Pizza argues that "whether the class waiver is enforceable is an arbitrability issue for the Court" rather than a procedural issue for the arbitrator. (Doc. 15 at 4). Under the facts of this case, however, the issue is for the arbitrator regardless of whether it is a

procedural issue or an arbitrability issue. If it is a procedural question, it is for the arbitrator under the long-established default rule. And even if instead it is a question of arbitrability, here it is for the arbitrator as well because the parties "clearly and unmistakably provide[d]" in their agreement that issues of arbitrability are for the arbitrator.

In <u>Terminix Int'l Co., LP, v. Palmer Ranch Ltd. P'ship</u>, 432 F.3d 1327 (11th Cir. 2005), the parties' agreement provided that arbitration would be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and Rule 8(a) of those rules provided: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." <u>Id.</u> at 1332. The Eleventh Circuit held that "[b]y incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." <u>Id.</u>

In the case at bar, the parties incorporated the employment dispute resolution rules of the American Arbitration Association into their Agreement to Arbitrate. (<u>See</u> Doc. 1-1). Rule 6(a) of the employment dispute resolution rules is identical to Rule 8 of the Commercial Rules discussed in <u>Terminix</u>. (<u>See</u> Rule 6(a) of AAA Employment Arbitration Rules, Doc. 6-1 at 3 ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.")). Thus, under <u>Terminix</u>, by incorporating the American Arbitration Association employment rules CFL Pizza and Hammack "clearly and unmistakably agreed that the arbitrator should decide" issues of arbitrability.

In sum, the parties do not dispute that Hammack's claims must be arbitrated; indeed, Hammack has already initiated arbitration. CFL Pizza seeks to have this Court rule on an issue that the arbitrator has not yet been presented with—whether the

6

class/collective action waiver in the Agreement to Arbitrate is enforceable. The parties agreed to submit all claims to arbitration and that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." They bargained for the arbitrator's construction of their contract, including the arbitrator's rulings on procedural and arbitrability issues. No matter how it is characterized, the issue whether Hammack may pursue his Fair Labor Standards Act claims through class or collective arbitration is for the arbitrator rather than for this or any court. CFL Pizza's petition and motion therefore must be denied.

III. Conclusion

It is **ORDERED** as follows:

1. The Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 6) filed by Walter Hammack is **DENIED**.

2. The Petition to Compel Arbitration in Accordance with Agreement (Doc. 1) and the Motion to Compel Single Claimant Arbitration (Doc. 31), both of which were filed by CFL Pizza, LLC, are **DENIED**.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on February 1st, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record